UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE MARRERO,
o/b/o A.D.M.,

    Plaintiff,

v.                               CASE NO. 8:20-cv-133-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her son (Doc. 17).[1] Because the decision of the Commissioner of Social Security is not adequately explained, the decision will be reversed and the matter remanded for further consideration.

I.

A.D.M. was born on January 20, 2012, and was six years old at the time of the administrative hearing (Tr. 15, 60). The plaintiff, who is the adoptive mother, has filed a claim for supplemental security income. She

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

alleges that the child is disabled due to ADHD (attention deficit hyperactivity disorder) and sleep and mood disorders (Tr. 60). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a de novo hearing before an administrative law judge. Following the hearing, the law judge found that the child suffers from severe impairments of attention deficit hyperactivity disorder (ADHD) and autism spectrum disorder (Tr. 18). The law judge concluded that the child does not have an impairment which meets, or medically equals, "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (id.). The law judge also found that "[t]he claimant does not have an impairment or combination of impairments that functionally equals the listings" (id.). Specifically, the law judge found that the child suffered from "marked" limitations in interacting and relating with others; "less than marked" limitations in the domains of acquiring and using information, and caring for yourself; and no limitations in the remaining domains (Tr. 23–28). The law judge, therefore, determined that the child was not disabled (Tr. 28). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In 1996, the Social Security Act was amended with respect to eligibility for child's disability benefits. As amended, the Act now provides (42 U.S.C. 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. See 20 C.F.R. 416.924.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If he does not, the child is considered not disabled. Id. If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or

functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then he is deemed disabled. 20 C.F.R. 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. 416.924(d) (2).

Under the applicable regulations, functional equivalency could be shown in various ways. 20 C.F.R. 416.926a. The plaintiff relies on the approach of demonstrating that the child has a marked limitation in two of six "domains" of functioning. 20 C.F.R. 416.926a(a). The six domains of functioning are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1).

The regulations provide that a marked limitation denotes "a limitation that is 'more than moderate' but 'less than extreme.'" 20 C.F.R. 416.926a(e)(2)(i). A marked limitation is present "when [the child's] impairment(s) interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities. [The child's] day-to-day functioning may be seriously limited when [the child's] impairment(s) limits only one activity or when the interactive and cumulative effects of [the child's]

4

impairment(s) limit several activities." Id.

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

5

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 347 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts two related challenges: 1) "The ALJ erred by failing to properly evaluate the examining psychological opinions consistent with the regulations, Agency policy, and Eleventh Circuit precedent" and 2) "The ALJ erred by failing to create a 'logical bridge' between the evidence and his conclusion that the child has a 'less than marked' limitation in the functional domain of attending and competing tasks" (Doc. 17, p. 1). Both arguments are meritorious.

The plaintiff argues first that the law judge failed to evaluate properly the opinions of consulting psychologists Dr. Steven S. Minter and Dr. Rochelle Taormina (id., pp. 6–15). Consequently, she contends that the law judge's decision is not capable of meaningful judicial review.

6

Dr. Minter evaluated A.D.M. on August 9, 2017, at the request of the Social Security Administration (Tr. 550–53). At that time, A.D.M. was five and one-half years old (Tr. 550). Dr. Minter conducted a clinical interview and mental status evaluation and administered the Wechsler Preschool and Primary Scale of Intelligence test (WIPPSI-IV) (see Tr. 550–53).

Dr. Minter stated that A.D.M. "presented as energetic, hyperactive, and unfocused.... Attention and concentration appeared impaired, and speed of processing was above average" (Tr. 552). He also observed that A.D.M. "was unable to remain seated" (Tr. 553). With respect to intelligence testing, Dr. Minter explained that, although A.D.M. performed in the average range of many WIPPSI-IV subtests (id.), he

> displayed significant inattention and impulsive responding, lowering some of his testing scores. One subtest had to be discontinued due to inability to re-engage him in a task he was uninterested in .... In general, however, he responded well to redirection. Present test results likely underestimate his learning potential, which seems severely hampered by impaired concentration and hyperactivity.

(Tr. 552).

Dr. Minter's diagnostic impressions were that A.D.M. has "Attention-Deficit/Hyperactivity Disorder, Combined Presentation" and

7

"Autism Spectrum Disorder (provisional)" (Tr. 553). In summary, Dr. Minter opined (id.):

> .... In general, the mental health symptoms appear to be severely impacting activities of daily living, school performance, and interpersonal interactions. Specifically, the client's mental health condition(s), as summarized above, affect the child's functioning in the following ways: Inability to control gross motor activity, remain seated, or maintain minimal age-appropriate attention and concentration.... His parents should have his medication regimen re-evaluated for effectiveness, as [A.D.M.] will not be able to function in school until his symptoms are better-controlled.

Dr. Minter's opinions arguably indicate that the child had a marked limitation in attending and completing tasks. See 20 C.F.R. 416.926a(e)(2)(i) (A marked limitation is present "when [the child's] impairment(s) interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities.").

The law judge recounted Dr. Minter's evaluation of A.D.M. in the findings of fact (see Tr. 22). However, nowhere in the decision does the law judge state the weight he gave to Dr. Minter's opinions and the reasons for that weight. This is reversible error.

8

The law judge is required to state with particularity the weight he gives to medical opinions and the reasons for that weight. <u>Winschel</u> v. <u>Commissioner of Social Security</u>, 631 F.3d 1176, 1179 (11th Cir. 2011); <u>Dempsey</u> v. <u>Commissioner of Social Security</u>, 454 Fed. Appx. 729, 732 (11th Cir. 2011).

The Eleventh Circuit explained:

> What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Unless the [law judge] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

<u>Cowart</u> v. <u>Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981) (quotation marks and citations omitted).[2] Here, the decision leaves me to guess about the law

---

[2] The plaintiff argues that the Commissioner must provide "good" reasons for rejecting the opinion of a medical source (Doc. 17, p. 5). This sounds confusingly similar to the "good cause" standard applicable only to the medical opinions of a treating physician. <u>Winschel</u> v. <u>Commissioner of Social Security</u>, supra, 631 F.3d at 1179. The consultative psychologists are not treating physicians. <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1160 (11th Cir. 2004)

9

judge's evaluation of Dr. Minter's opinions. As noted, Dr. Minter's opinions contained statements which support a finding that the child had a marked limitation in the domain of attending and completing tasks. I do not know whether the law judge discounted those statements, concluded that they were outweighed by other evidence, or simply disregarded them. In all events, the law judge had to explain and justify his approach. Therefore, the matter must be remanded for the law judge to evaluate adequately Dr. Minter's opinions. Id.; Demsey v. Commissioner of Social Security, supra, 454 Fed. Appx. at 732–33.

The plaintiff also persuasively argues that the law judge failed to assess adequately Dr. Taormina's evaluation. Dr. Taormina evaluated A.D.M. over two days in August 2017 (see Tr. 565–72). Although Dr. Taormina found that the child's "overall school readiness was in the Average range" (Tr. 555), she observed during testing that

> [b]ehaviorally, [A.D.M.] had difficulty sustaining attention. He demonstrated impulsive behaviors .... He needed numerous directives to return to task throughout the testing session. As the duration of the testing session continued, [A.D.M.'s] rate of off-task behaviors also increased.

10

(Tr. 557). Dr. Taormina pertinently diagnosed the child with Attention Deficit Hyperactivity Disorder (Combined Presentation) and "Other Specified Neurodevelopmental Disorder" (Tr. 559). She summarized that "there appear to be a multiplicity of factors imposing on [the child's] daily functional abilities. These include emotional and behavioral concerns, inattentiveness, and impulsive behaviors" (Tr. 558). She recommended many accommodations for A.D.M., including more than one-page (single spaced) of accommodations that, "at a minimum," should be implemented for A.D.M.'s inattention (Tr. 561–63). See Social Security Ruling 09-1P, 2009 WL 396031 at *7 (S.S.A.) ("The more help or support of any kind that a child receives beyond what would be expected for children the same age without impairments, the less independent the child is in functioning, and the more severe we will find the limitation to be."). Dr. Taormina's opinions arguably indicate a marked limitation in the domain of attending and completing tasks.

As with Dr. Minter, the law judge summarized Dr. Taormina's evaluation in the findings of fact, but he did not state the weight given to Dr. Taormina's opinions and the reasons for that weight (see Tr. 22). Therefore, the matter must also be remanded for the law judge to evaluate adequately

11

Dr. Taormina's opinions. See Demsey v. Commissioner of Social Security, supra, 454 Fed. Appx. at 732–33.

The Commissioner argues that the law judge's summaries of the psychologists' findings "demonstrate[] that the ALJ properly considered and evaluated the medical evidence from these consultative examiners" (Doc. 18, p. 8). This contention is meritless because I cannot discern what the law judge concluded with respect to their opinions. Therefore, meaningful judicial review is not possible.

The Commissioner argues further that the law judge's failure to state the weight he assigned to the evaluations of Dr. Minter and Dr. Taormina is "harmless error" because "the actual findings in these consultative reports did not contradict the ALJ's findings regarding the domains of functioning" (Doc. 18, p. 9). See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (When an ALJ's error does not affect the ALJ's ultimate findings, the error is harmless and the ALJ's decision will stand.). The Commissioner points out that the law judge accepted the diagnoses assessed by Dr. Minter and Dr. Taormina, and that their findings regarding the child's IQ test and school readiness scores are consistent with less than marked limitations (Doc. 18, pp. 9–11).

12

This contention is unavailing because the evaluations of Dr. Minter and Dr. Taormina contain probative medical opinions that are arguably inconsistent with the law judge's finding of less than marked limitations in attending and completing tasks (see supra, pp. 7–8, 10–11). Therefore, the law judge must expressly evaluate them so that the court can meaningfully review whether the law judge's determination is supported by substantial evidence. See Carter v. Colvin, 569 Fed. Appx. 687, 689 (11th Cir. 2014) quoting Cowart v. Schweiker, supra, 662 F.2d at 735 ("Although the ALJ's explanation of the decision need not account for every piece of evidence ... it must sufficiently explain the weight given to 'obviously probative evidence.'").

Finally, because the law judge did not state the weight given to Dr. Minter's and Dr. Taormina's opinions, he may not rely on the opinions of the non-examining reviewing doctors. See Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986); Forsyth v. Commissioner of Social Security, 503 Fed. Appx. 892, 893 (11th Cir. 2013). Thus, the only opinion evidence the law judge expressly weighed was that from the non-examining reviewing consultants. The law judge found their opinions "persuasive," explaining that, except for interacting and relating with others, their conclusions that the

13

child had less than marked or no limitations in the other domains were consistent with the record as a whole (Tr. 24; see also Tr. 25). However, as indicated, in the absence of a reasonable explanation discounting the opinion of the examining psychologists, the law judge could not properly rely upon the opinion of non-examining doctors.

For these reasons, it is appropriate to remand this matter for further proceedings. See Dempsey v. Commissioner of Social Security, supra, 454 Fed. Appx. at 732 ("[W]hen the ALJ fails to state with sufficient clarity the grounds for his evidentiary decisions, we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the administrative hearing level.").

IV.

The plaintiff's second argument is that the law judge "erred by failing to create a 'logical bridge' between the evidence and his conclusion that the child has a 'less than marked' limitation in the functional domain of attending and completing tasks" (Doc. 17, pp. 15-24). This argument is interrelated with the first. Thus, the law judge's failure to consider adequately probative opinions from Dr. Minter and Dr. Taormina renders the law judge's evaluation of this domain inadequate as well.

Furthermore, as discussed infra, the law judge's explanation for finding that the child's limitations are less than marked is also inadequate because it is conclusory and does not evaluate probative evidence from JoAnn Wagoner, A.D.M.'s first-grade teacher.

An assessment of the attending and completing tasks domain generally entails consideration of how well the child is able to focus and maintain attention and begin, carry through, and finish activities, including the pace at which the child performs activities and the ease with which the child changes them. 20 C.F.R. 416.926a(h). Here, there is evidence that has not been assessed which arguably shows that A.D.M.'s day-to-day functioning may be markedly limited with regard to several of these activities. How the law judge assessed this probative evidence is unknown. See SSR 09-1P (2009 WL 396031 at *3) (The law judge must "provide sufficient detail so that any subsequent reviewers can understand how they made their findings.").

The law judge gave the following explanation (Tr. 25) (emphasis omitted):

> The claimant has less than marked limitation in attending and completing tasks. The State Agency medical experts also concluded that the evidence supported less than marked limitations in this

15

domain (Exhibits 1A and 5A). The undersigned finds that this finding has merit because it was consistent with the records as a whole. The teacher also noted that she had to talk to him often about following directions and keep[ing] his hands and feet to himself. She noted that he had difficulty sitting for long periods without bothering others. She assessed serious limitations in a few subareas of this domain (Exhibit 5E). Ms. Wagoner noted that assignments are reduce[d] at times. She provided extra help frequently. She also has him seat [sic] by her during direct instruction. She observed that he constantly is biting or picking at his fingers (Exhibit 23E).

The law judge's explanation that he found the reviewers' opinions have "merit because [they were] consistent with the records as a whole" (id.) is impermissibly conclusory. Furthermore, although the law judge repeats some of the opinions of the child's first-grade teacher, he neither states the weight given to, nor otherwise evaluates, this evidence, which arguably shows marked limitations in attending and completing tasks (see Doc. 17, p. 18). This is a glaring deficiency.

Thus, Ms. Wagoner responded in a questionnaire that A.D.M. has "very serious problem[s]" in "[w]orking at reasonable pace/finishing on time" and "[c]ompleting class/homework assignments" (Tr. 306).[3]

---

[3]The teacher rates the student's functioning in comparison to same-aged children without impairments on a scale of 1 to 5, with 1 indicating "no problem" and 5 equating

16

Additionally, she stated that A.D.M. has "serious problem[s]" in "[f]ocusing long enough to finish assigned activity or task," "[c]arrying out multi-step instructions" and "[w]orking without distracting self or others" (id.). She elaborated (id.):

> [A.D.M.] needs extra time to complete his independent work and most assessments. Assignments are also reduced at times. I provide extra help frequently. He also sits by me during direct instruction. He is constantly biting/picking at his fingers.

Moreover, notwithstanding these accommodations, Ms. Wagoner stated that A.D.M.'s progress in math and written language was not satisfactory (Tr. 304).

It is established in the Eleventh Circuit that a law judge must state the weight given to each item of impairment evidence and provide reasons for that assessment. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). In the absence of such an explanation, appropriate judicial review is not possible. Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985). Inexplicably, the law judge summarized Wagoner's responses in his discussion of this domain, but did not state how he assessed the evidence in

---

to "[a] very serious problem" (see, e.g., Tr. 306).

17

determining the child's limitation on attending and completing tasks (Tr. 25).

The Commissioner, in response, pieces together evidence that could possibly support a finding of a less than marked limitation in attending and completing tasks (see Doc. 18, pp. 14–17). That explanation was not given by the law judge and, therefore, the argument is an unacceptable post hoc rationalization. Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States. Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983). In any event, the defense counsel's explanation ignores probative evidence from Dr. Minter, Dr. Taormina and Ms. Wagoner that must be addressed. See Cowart v. Schweiker, supra, 662 F.2d at 735 (emphasis added) ("Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). In sum, the law judge's decision regarding the domain of attending and completing tasks totally fails to provide a reviewable justification for its finding.

18

Finally, it is noted that this deficiency is not harmless error because, if the plaintiff's contention that there is a marked limitation in the domain of attending and completing tasks is correct, she would establish the child's disability by showing that he suffers from marked limitations in two domains in light of the law judge's finding of a marked limitation in the domain of interacting with others. Unfortunately, the plaintiff's claim that the law judge erred in assessing the area of attending and completing tasks cannot undergo meaningful judicial review because the law judge failed to provide a sufficient analysis for his conclusion.

It is, therefore, upon consideration,

**ORDERED**:

That the decision of the Commissioner is hereby **REVERSED** and the matter **REMANDED** for further proceedings. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 19th day of March, 2021.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

19